# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FAWCETT,<br><br>       Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>       Respondent. | Case No. 1:24-cv-00382-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

On April 2, 2024, the Court received the instant petition for writ of habeas corpus wherein Petitioner challenges his convictions in Merced County Superior Court Case No. 18CR-02358. (ECF No. 1.) Although unclear, Petitioner appears to raise the following claims for relief: ineffective assistance of counsel, due process, equal protection, cruel and unusual punishment, and sufficiency of the evidence. It also appears that Petitioner may have failed to exhaust the claims that he raises in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

1    The exhaustion doctrine is based on comity to the state court and gives the state court the initial

2    opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

3    U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the

4    exhaustion requirement by providing the highest state court with a full and fair opportunity to

5    consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S.

6    838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270,

7    276 (1971).

8         If Petitioner has not sought relief in the California Supreme Court, the Court cannot

9    proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). In the petition, Petitioner states that

10   he is filing petitions at the state and federal level simultaneously and indicates that his state

11   remedies are not completely exhausted. (ECF No. 1 at 6.[1]) Thus, Petitioner must inform the

12   Court whether each of his claims has been presented to the California Supreme Court, and if

13   possible, provide the Court with a copy of the petition filed in the California Supreme Court that

14   includes the claims now presented and a file stamp showing that the petition was indeed filed in

15   the California Supreme Court.

16        Accordingly, the Court HEREBY ORDERS that within **THIRTY (30) days** from the

17   date of service of this order, Petitioner SHALL SHOW CAUSE why the petition should not be

18   dismissed for failure to exhaust state remedies.

19        Petitioner is forewarned that failure to follow this order may result in a recommendation

20   for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's

21   failure to prosecute or to comply with a court order may result in a dismissal of the action).

22

23   IT IS SO ORDERED.

24   Dated:   **April 9, 2024**

     _____

     UNITED STATES MAGISTRATE JUDGE

25

26

27

28
---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.