1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FAWCETT, | Case No. 1:24-cv-00382-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| JOSHUA PRUDHEL,[1] | |
| Respondent. | (ECF No. 9) |
| | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT, RANDOMLY ASSIGN DISTRICT JUDGE, AND UPDATE PETITIONER'S ADDRESS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner was convicted in the Merced County Superior Court of criminal threats, threatening state officials, and disobeying a court order. Petitioner was sentenced to an imprisonment term of four years. (LD[2] 1, 2.) On March 4, 2022, the California Court of Appeal,

---

[1] Joshua Prudhel is the Warden of the Sierra Conservation Center, where Petitioner is currently housed. (ECF No. 9 at 1 n.1.) Accordingly, Joshua Prudhel is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents electronically lodged by Respondent on August 2, 2024. (ECF No. 10.)

1   Fifth Appellate District struck the prior prison sentencing enhancement pursuant to California

2   Senate Bill 136 and remanded the matter to the trial court for resentencing pursuant to Senate

3   Bill 567. The judgment was affirmed in all other respects. (LD 2.) On May 18, 2022, the

4   California Supreme Court denied the petition for review. (LDs 3, 4.)

5          On June 6, 2022, Petitioner was resentenced to an imprisonment term of three years. (LD

6   5.) On July 6, 2023, the California Court of Appeal remanded for resentencing because the trial

7   judge who imposed the sentence was recused and not authorized to preside over the resentencing

8   proceedings. (LD 6.) On January 29, 2024, Petitioner was resentenced to eight months. (LD 7.)

9   Petitioner has appealed, and appellate proceedings are still pending. (LD 8.)

10          On April 2, 2024, Petitioner filed a federal petition for writ of habeas corpus. (ECF No.

11  1.) On August 2, 2024, Respondent filed a motion to dismiss the petition pursuant to Younger v.

12  Harris, 401 U.S. 37 (1971), because Petitioner's appellate proceedings are still pending. (ECF

13  No. 9.) To date, Petitioner has not filed an opposition or statement of non-opposition to the

14  motion to dismiss, and the time for doing so has passed.

15                                              **II.**

16                                        **DISCUSSION**

17          "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of

18  equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action

19  Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court

20  held that when there is a pending state criminal proceeding, federal courts must refrain from

21  enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571

22  U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of

23  Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant

24  from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

25  "However, even if Younger abstention is appropriate, federal courts do not invoke it if there is a

26  'showing of bad faith, harassment, or some other extraordinary circumstance that would make

27  abstention inappropriate.'" Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir. 2018) (quoting

28  Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

Here, Petitioner was resentenced on January 29, 2024, and his appeal of the new judgment is still pending. The Ninth Circuit has held that "[w]hen, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). The Sherwood court explained that "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Id. (citations omitted). See also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."). As Petitioner has failed to demonstrate any "unusual circumstances, [the Court] decline[s] to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998). As Petitioner has an ongoing criminal appeal in state court, the instant federal habeas petition is premature and should be dismissed.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 9) be GRANTED and the petition be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to:

1. Substitute Joshua Prudhel as Respondent in this matter;

2. Randomly assign this action to a District Judge; and

3. Update Petitioner's address to reflect that he is currently housed at the Sierra Conservation Center.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 21, 2024**

UNITED STATES MAGISTRATE JUDGE